JULY TERM, 1883, No. 176.     FEBRUARY 27, 1884.

## Wade v. Wright.

1. Evidence that a tax-collector who sought to collect a tax entered upon the premises of the plaintiff, made a levy upon certain articles of household goods, and advertised them for sale, but that he after-

[Wade *v.* Wright.]

wards abandoned the levy and did not sell the goods, is not sufficient upon which to maintain an action of trespass.

2. If the entry of the defendant upon the premises of the plaintiff was unlawful, and the latter desired to recover nominal damages for the entry, he should have brought trespass *quare clausum fregit.*.

3. In an action of trespass, plaintiff could not recover for damages for injury to his business character.

Before Mercur, C. J.; Gordon, Paxson, Trunkey, Sterrett, Green, and Clark, JJ.

Error to the Court of Common Pleas of *Lackawanna County.*

Trespass for injury to personal property by Duncan Wright against D. H. Wade.

On the trial before Handley, P. J., the following facts appeared:

The borough of Hyde Park, under the authority conferred by acts of Assembly of 25th March, 1864, (P. L., pp. 84, 85,) had issued bonds to pay bounties to volunteers. To obtain funds for the payment of these bonds, a tax was levied in 1873, but collection was delayed by injunction until 1878, when it was dissolved, and the defendant, Wade, who had been duly appointed tax-collector, demanded the tax from the persons against whom it had been assessed. Wright, the plaintiff, refused to pay his tax; whereupon the defendant, Wade, made a levy upon Wright's personal property and advertised, but afterwards, without moving or disturbing anything, abandoned the levy, the warrant being more than two years old, and the statute not giving effect to it after that period. This suit was brought by Wright before a justice of the peace, who gave him judgment; it was removed by appeal to the common pleas. The plaintiff gave evidence that the defendant, with a constable, came to his house in the fall of 1879, levied on his household goods, advertised, and went away. They advertised the goods for sale. The notice was posted around where he resided. The only testimony as to damage was that of the plaintiff, who swore that he was injured in character by the levy and advertisement, to the amount of $25, and that this was his only ground for damages.

The Court charged the jury, *inter alia,* as follows:

"Now the plaintiff, while upon the witness-stand, testified within your hearing that he was injured only in character. If that is true, then, of course, your verdict must be in favor of the defendant. If, however, you believe he was not injured in character, then you may do

[Wade v. Wright.]

as you please with this case.   As the record is made up, we can only say to you that on his own testimony, if he was injured only in character, then this action will not lie, and it is your duty to render a verdict in favor of the defendant.   [If you deem it proper, you may do otherwise ;  you can assess the damages at whatever you please. You can make it a million dollars, you may make it one cent, or six cents, whatever you please.]"

Verdict, guilty of trespass, and judgment for plaintiff, $12 50; whereupon defendant took this writ, assigning for error, first, the portion of the judge's charge above inclosed in brackets, and second, the omission to direct a verdict for defendant.

*S. B. Price* for plaintiff in error.

The action was commenced before a justice who had no jurisdiction of a case brought for the recovery of consequential damages.   The action brought was trespass, and consequential damages, such as here claimed, cannot be recovered in such a suit.   An action on the case was the proper remedy for alleged injury : Edelman *v.* Yeakel, 27 Penna., 26 ; 1 Chitty's Pleading, 167.

*C. Smith* for defendant in error.

An unlawful exercise of authority over goods will support an action of trespass :  Wilson *v.* Ellis, 4 Casey, 238.

March 31, 1884, the opinion of the Court was delivered by GREEN, J.:

This was an action of trespass for injury to personal property, brought before a justice of the peace by the plaintiff, who owed a tax, against a tax-collector, who sought to collect it by process.   There was not a particle of evidence that the defendant seized or even touched a single item of property.   He entered the plaintiff's premises, made a levy upon certain articles, which are not described by any witness, and advertised them for sale. The levy was then abandoned, the goods were not sold, and nothing further was done.   If the entry of the defendant upon the plaintiff's premises was unlawful, which has not been proved, and the plaintiff desired to recover nominal damages for the entry, he should have brought trespass, *quare clausum fregit*, which he did not do.   As his goods were neither seized nor sold, no trespass can be maintained as to them, and therefore the Court should have directed a verdict for the defendant. The plaintiff testified that he had sustained no damage

except $25 for injury to his character. As this was so manifestly outside of any possibility of recovery in this form of action, which was trespass and not case, the Court told the jury that if they believed the testimony of the plaintiff, they should find for the defendant. But in the very next sentence of the charge, the judge said to the jury that if they believed the plaintiff was not injured in character, they might do as they pleased with the case, and might give the plaintiff any amount of damages they pleased, from one cent to one million dollars. The error of all this is so manifest that no discussion is needed to prove it. The Court was not asked to direct a verdict for the defendant, and therefore there is nothing on the record to sustain the second assignment of error. It is very plain, however, that upon the whole testimony, there was no right of action in the plaintiff.

Judgment reversed.